UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RIO BRAVO PRODUCE, LTD.,**            ) | |
| )| |
| **Plaintiff,**            ) | |
| ) | |
| VS.            ) | Civil Action No.  SA-11-CA-1126-XR |
| ) | |
| **SUPERIOR TOMATO-AVOCADO,**            ) | |
| **LTD., INC. d/b/a SUPERIOR TOMATO**   ) | |
| **COMPANY, STA MANAGEMENT,**       ) | |
| **LLC, WALTER SCOTT JENSEN,**        ) | |
| **INDIVIDUALLY, DELTA PRODUCE,**   ) | |
| **L.P.**            ) | |
| **Defendants.**            ) | |
| ) | |

**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND ORDERING CONSOLIDATION AND TRANSFER OF CASE TO AUSTIN**

On this date, the Court considered Plaintiff's application for an *ex parte* temporary restraining order, which was filed with the Court on Thursday, December 29, 2011. For the reasons discussed below, the application for temporary restraining order is GRANTED. Further, because a related case was first-filed in the Austin Division, and the Plaintiff in that case has requested consolidation in Austin, the Court ORDERS that this case be TRANSFERRED to the Austin Division so that it can be consolidated with *Muller Trading v. Delta Produce, et al.*, Civ. A. No. 1:11-CV-1114-SS.

**I. Factual & Procedural Background**

This case arises under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*, and more specifically, the PACA trust provisions of that statute. 7 U.S.C. § 499e(c). According to the Complaint, Plaintiff Rio Bravo Produce ("Rio") sells wholesale quantities of perishable agricultural commodities, and operates its business under a PACA license. Plaintiff alleges that Defendants Superior Tomato-Avocado ("Superior") and its principals STA Management

-1-

and Walter Scott Jensen are produce dealers and brokers as defined by PACA. Plaintiff alleges that, from October 24 to December 27, 2011, it sold produce valued at $71,191.68 to Superior and its principals, that they accepted delivery of the produce, that invoices have been sent, and that Plaintiff has not been paid.

In its Complaint, Plaintiff alleges causes of action against Defendants Superior and its principals for enforcement of the statutory trust provisions of PACA and for failure to pay promptly as required by PACA. Against Superior alone, Plaintiff asserts a breach of contract claim, and against the principals it asserts a breach of fiduciary duty claim. Plaintiff also asserts claims against Delta Produce, L.P., Delta Produce Management, LLC, and Delta Produce Marketing, Inc. for conversion and unlawful retention of PACA trust assets. Plaintiff alleges that the Delta entities took possession of certain assets of Superior that were impressed with trust rights in favor of the Plaintiff.

Plaintiff's application for a temporary restraining order seeks to restrain "Defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them from using, consuming or otherwise dissipating assets impressed with an express statutory trust pursuant to § 499e(c)(3) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499t (2009 & Supp. 2011) (the 'PACA') (hereinafter the 'PACA Trust Assets'), or making payment of any PACA Trust Asset to any creditor, person or entity until further order of this Court or until the Defendants deposit into the Registry of this Court the sum of $71,191.68, plus further interest." Plaintiff also asks the Court to order the Defendants to account to the Court and the Plaintiff's Counsel for all accounts payable, accounts receivable and all other assets held in the Defendants' names if the Defendants do not deposit into the Registry of this Court the sum of $71,191.68 plus further interest, within three (3) business days after the entry of the Order. The application for TRO seeks to preserve Plaintiff's interest in its PACA trust and is supported by the affidavit of Curtis W. Wheat, managing member of Plaintiff. Wheat's affidavit

establishes the facts in support of Plaintiff's PACA claims, and asserts that Superior Tomato is going out of business, but is continuing to operate on a limited basis such that there is a very real danger of the PACA trust assets being dissipated.

## II. Legal Analysis

A. **Legal standard for issuance of a Temporary Restraining Order ("TRO")**

Under well settled Fifth Circuit precedent, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). To determine the likelihood of success on the merits, the Court looks to the standards provided by the substantive law. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir.1985).

*Ex parte* restraining orders should be limited to preserving the status quo only as long as necessary to hold a preliminary injunction hearing. *Granny Goose Foods, Inc., v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b). Plaintiff's brief in support of its motion, filed by Plaintiff's counsel and supported by Wheat's affidavit, satisfies this requirement. *See, e.g., Sanzone Brokerage, Inc. v. J&M Produce Sales*, 547 F. Supp. 2d 599 (N.D. Tex. 2008); *Taylor Farms Florida v. Gennaro's Produce*, Civ. A. No. 07-60259, 2007 WL 646987, 2007 U.S. Dist. LEXIS 13260 (S.D. Fl. Feb. 27, 2007)

("Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.").

**B.     The Perishable Agricultural Commodities Act ("PACA")**

Congress enacted PACA in 1930 to promote fair trading practices in the produce industry. *See Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 199 (3d Cir.1998). Congress amended PACA in 1984 to include a statutory trust provision, 7 U.S.C. § 499e(c), which provides an additional seller's remedy, or safeguard, through increased credit security in the absence of prompt payment for perishable agricultural commodities. Section 499e(c)(2) directs that "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." Thus, perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers. *See* 7 U.S.C. § 499e(c); 7 C.F.R. § 46.46(b). Federal district courts are vested with jurisdiction specifically to entertain actions by trust beneficiaries to enforce payment from the trust. *Id.* § 499e(c)(5). PACA is a remedial statute that should be given a liberal construction in favor of promoting Congress's intended purpose. *Hiller Cranberry Products, Inc. v. Koplovsky*, 165 F.3d 1, 5 (1st Cir. 1999).

**C.     Plaintiff's application for a TRO is GRANTED**

Plaintiff has demonstrated a substantial likelihood of success on the merits of its PACA

claims, that a substantial threat of irreparable harm exists, that the threatened injury outweighs any harm that may result from the TRO to the non-movant, and that the TRO will not undermine the public interest.

The Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits. Plaintiff has produced invoices demonstrating that it sold Superior approximately $71,0000 worth of produce for which it has not been paid.[1] The notice of intent to preserve PACA trust benefits contained on Plaintiff's individual invoices indicate that the PACA notice requirements have been satisfied. The debt is verified by Wheat's affidavit. Thus, based on the evidence submitted, the Court concludes that Plaintiff is a PACA trust beneficiary who is unpaid and is entitled to enforce the trust.

The Court finds that Plaintiff has demonstrated that a substantial threat of irreparable harm exists. Trust dissipation can satisfy this factor if, absent injunctive relief, ultimate recovery is rendered unlikely. *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 141 (3d Cir. 2000). Defendant has informed Plaintiff that it does not have sufficient funds to satisfy its obligations to Plaintiff and that it is going out of business. Plaintiff has demonstrated that trust assets are being dissipated or that there is a substantial likelihood that they will be dissipated, and that it will suffer irreparable harm without injunctive relief. The Court finds that Plaintiff has demonstrated that threatened injury outweighs any harm that may result from the TRO to the non-movant. *Tanimura*, 222 F.3d at 140. Further, issuance of a preliminary injunction here is in the public interest, as the statutory purpose explicitly encapsulates this. *Id.*

**D.     Consolidation and Transfer to Austin Division**

Plaintiff Rio alleges that certain assets of its PACA trust have been transferred to the Delta

---

[1] The Court notes that, as of the date of filing the Complaint, not all invoices were more than ten days past due. However, most of the invoices are past due, and it appears substantially likely that they will all become past due in short order.

Defendants. A case has been filed in the Austin Division against the Delta Defendants under PACA. Thus, this case and the Austin case involve competing claims to assets held by the Delta Defendants. The Plaintiff in the Austin case has filed an advisory noting that this case and the Austin case (as well as a third case filed in this court) involve the same or substantially the same issues, and has requested that the cases be consolidated in the first-filed case. Judge Sparks has already issued a TRO and set a hearing on the application for preliminary injunction for January 5. The Court finds that such consolidation is appropriate and necessary to fully resolve the issues and avoid conflicting orders and judgments, and therefore ORDERS that this case be TRANSFERRED to the Austin Division so that it may be consolidated with 1:11-CV-1114-SS.

## CONCLUSION & ORDERS

Plaintiff Rio Bravo Produce's Application for Temporary Restraining Order (docket no. 3) is GRANTED and it is therefore ORDERED that:

1. Defendants Superior Tomato-Avocado Ltd. d/b/a Superior Tomato Company, STA Management, LLC, and Walter Scott Jensen, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them are ENJOINED from using, consuming or otherwise dissipating assets impressed with an express statutory trust pursuant to § 499e(c)(3) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2009 & Supp. 2011) (the "PACA") (hereinafter the "PACA Trust Assets"), or making payment of any PACA Trust Asset to any creditor, person or entity until further order or until the Defendants deposit into the Registry of the Court the sum of $71,191.68.

*Provided*, however, that Defendant Superior Tomato may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation without right of set-off, on the condition that Defendants maintain the proceeds of such sale subject to this Order;

2. Should Defendants fail to deposit the sum of $71,191.68 in the registry of the Court within three (3) business days, Defendants shall account to the Court and Plaintiff's counsel for all of Superior Tomato-Avocado's accounts receivable, accounts payable, equipment, inventory, and all other assets subject to the PACA trust and regulations promulgated thereunder.

This TRO is binding upon the parties to this action, their agents, officers, directors, servants, employees, banks or financial institutions, attorneys, and all other persons or entities who receive actual notice of this TRO by personal service or otherwise. This TRO WILL NOT become effective until such person, institution, or entity has been served with this TRO. Plaintiff is further DIRECTED to file notice with the Court of such service on Defendants and on any person, institution, or entity not a party to this action. Any person, banking or financial institution, or entity served with this TRO may make an application with the receiving judge after transfer, in writing and no later than five government working days from the date of this order, to be relieved from its requirements. Further, this TRO will expire in fourteen days, unless a subsequent order provides otherwise. If Plaintiff requires additional emergency relief or seeks to vary the terms of this TRO, Plaintiff shall make application to the receiving judge after transfer.

It is so ORDERED.

SIGNED this 30th day of December, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE